. Rawle,
1r 349
199  628

[LANCASTER, JUNE 1, 1829.]

## GEIGER *against* WELSH and others.

### IN ERROR.

It is the duty of the court to answer fully the points upon which they are requested by counsel to charge the jury. But it is not necessary that they should answer the propositions submitted, in the very words of the propositions. It is enough if the answers be sufficiently full to be understood.

Nor is it necessary, where the same proposition is repeated, though in different words, to answer every repetition of it. One full answer is enough.

To the following propositions:—1. That a conveyance, made with a view to defeat creditors, is fraudulent and void; 2. That a debtor cannot give his property to his children to the injury of his creditors; 3. That a debtor cannot provide for the maintenance of himself and his wife out of his property to the injury of his creditors; and every instrument of writing, or conveyance, for such purpose, is void as to creditors; 4. That if the jury were of opinion, that the debtor had conveyed his property to his children for the purpose of preventing his creditors from levying upon it, the conveyance is fraudulent and void as to creditors; 5. That if the conveyance of the debtor to his children was, in the opinion of the jury, for the purpose of preventing his creditors from levying on the premises, the plaintiff (who was a purchaser under a judgment against the debtor, and brought ejectment to recover the premises,) was entitled to recover in this suit—it is not sufficient to answer, "That no act whatever, done to defraud a creditor, or creditors, shall be of any effect against such creditor or creditors."

If a deed be made by a parent to his children, on condition, that the grantees shall support the grantor for life, the consideration is a good and honest one between the parties themselves; but, if it be made with a view to hinder or defeat creditors, it is fraudulent and void as respects them.

WRIT of error to the Court of Common Pleas of *Berks* county. This was an action of ejectment for two pieces of land in *Union* township, *Berks* county, brought to *January* Term, 1827, by the plaintiff in error against the defendants in error.

On the trial of the cause, the case was briefly this:—In 1799, a judgment was obtained against *Morgan Lewis*, under whom both parties claimed. A *Fieri Facias* issued on the judgment to *April* Term, 1799, and an *Alias Venditioni Exponas* to *January* Term, 1800, and no further proceedings were had on the judgment until the year 1823. On the 16th day of *September*, 1818, a small house and twenty acres of land were devised to *Morgan Lewis*, for and during his natural life; and from, and immediately after his death, to his children, share and share alike. On the 23d of *March*, 1821, the debtor, *Morgan Lewis*, conveyed and released his life estate to his children, on condition, that they should support him and his wife during their lives. The children took possession of the estate. An *Alias Fieri Facias Post Venditioni Exponas* issued to *August* Term, 1823, for the residue of the debt, when an affidavit of defence was made; the judgment entered in 1799 opened; the cause referred, and in the year 1826, a report, or award, for the

(Geiger *v.* Welsh and others.)

plaintiff, made for one hundred and seventy-two dollars, and judg-ment entered thereon.   On a *Venditioni Exponas* to *August* Term, 1826, the property was sold to *Jacob Geiger*, the plaintiff, who, on the 14th day of *August*, 1826, received the sheriff's deed for the same, on which this ejectment was brought.   On the trial, it was principally contended, that the deed of 1821, was fraudulent and void, as the grantor was indebted at the time, and this his only property.

At the close of the trial, the counsel for the plaintiff requested the court to charge the jury as follows:—

"1. That a conveyance, made with a view to defraud creditors, is fraudulent and void.

"2. That a debtor cannot give his property to his children to the injury of his creditors.

"3. That a debtor cannot provide for the maintenance of himself and his wife out of his property to the injury of his creditors, and every instrument of writing, or conveyance, for such purpose, is void as to creditors.

"4. That if the jury are of opinion, that *Morgan Lewis* conveyed his property to his children for the purpose of preventing his creditors from levying upon it, the conveyance is fraudulent and void as to creditors.

"5. That if the conveyance of *Morgan Lewis* to his children was, in the opinion of the jury, for the purpose of preventing his creditors from levying on the premises, the plaintiff is entitled to recover in this suit.

"6. That *Morgan Lewis* being indebted on the 23d day of *March*, 1821, his deed to his children, of that date, given in evidence on the trial of this cause, is fraudulent and void as to his creditors."

The court, in their charge, submitted to the jury the facts of the case for their consideration and decision, and to the points of law above stated, answered as follows:—

"To the *first, second, third, fourth*, and *fifth* points, the court answer, that no act whatever, done to defraud a creditor, or creditors, shall be of any effect against such creditor or creditors."

To the *sixth* point, the court answered, "That *Morgan Lewis* being indebted on the 23d day of *March*, 1821, his deed to his children of that date, is fraudulent and void as to his creditor or creditors, *if the jury believe it was given without a good and valuable consideration*.   The laws of *Pennsylvania* do not militate against any transaction *bona fide*, and where there is no imagination of fraud."

To this charge, the plaintiff, by his counsel, excepted, and requested the court to file the same, agreeably to the twenty-fifth section of the act of the 24th of *February*, 1806.   The verdict and judgment were for the defendants.

The errors assigned on the record, in this court, were four.

(Geiger *v.* Welsh and others.)

" 1. That the court did not charge the jury on the points insisted upon in the argument of the cause, and material to the issue, although it was respectfully requested so to do by the counsel for the plaintiff.

" 2. That the court misdirected the jury as to the law arising from the evidence.

" 3. That the court submitted the construction of a written instrument to the jury, instead of giving to it its legal construction, although requested so to do.

" 4. That the court erred in stating to the jury, in its charge, that the facts were submitted to the jury for their consideration and decision, when there were no facts in the case disputed, and the verdict, admitting every fact given in evidence to be true, should have been for the plaintiff, according to law."

*Biddle,* for the plaintiff in error, contended, 1st. That *Morgan Lewis* being indebted at the time of the execution of the deed to his children of the 23d of *March,* 1821, and having no other property than was conveyed by that instrument, it was fraudulent and void as against creditors.

2d. That the propositions submitted to the court had not been answered; or, if answered, they had been answered erroneously. He supported his argument by citing *M'Allister* v. *Marshall,* 6 *Binn.* 338. *Thomson* v. *Dougherty,* 12 *Serg. & Rawle,* 448. 5 *Conn.* 67.

*H. Smith* and *Darling,* for the defendants in error, argued, that the judgment given in evidence, was no lien on property acquired after its entry; that it was no lien against the purchasers, and that as the deed in question was made in 1821, the judgment was satisfied, or extinct in law, as against heirs or purchasers; that the sheriff had sold the fee simple, and not the life estate of the debtor; and that, therefore, his deed to the plaintiff was void, and he could not recover under it. They denied that any evidence had been given to show the existence of any debt at the time of the execution of the deed. If *Lewis* was in debt at all, he was so in 1826, and not in 1821, when the deed was made. The facts, that the improvements on the property were made by the children, and that they took possession, are the strongest evidence, that all was done *bona fide,* and without fraud, either in fact or in law.

The points submitted to the court were all substantially and correctly answered. It is not necessary that a judge should answer each point separately. Where one answer is applicable to several points, one is sufficient. They cited *Hubley* v. *Vanhorne,* 7 *Serg. & Rawle,* 185. *Brown* v. *Caldwell,* 10 *Serg. & Rawle,* 114. *Cope* v. *Humphreys,* 14 *Serg. & Rawle,* 15. *Munderbach* v. *Lutz's Administrators,* 14 *Serg. & Rawle,* 220.

SMITH, J., (after stating the case,) delivered the opinion of the court.

This court is of opinion, that the judgment of the Court of Com-

(Geiger *v.* Welsh and others.)

mon Pleas must be reversed; and regret, that the points submitted were not fully answered. It is very evident to my mind, that the court, by their answers, intended to answer the points fully, but unfortunately did not do so. It has been declared again and again, and is a well settled principle of law, that a party has a right to ask the opinion of the court on any matter of law, pertinent to the matter before them, and that the withholding of the opinion is error. In this case, the court could have readily, briefly, and separately, answered each point submitted. In regard to the *first* point, an affirmative answer, or one in the words of the proposition, would have been full, complete, and correct. To the *second* point, a repetition of it by the court, affirming the proposition, would have formed a complete and sufficient answer. So, in regard to the *third* and *fourth* propositions. I, however, by no means say, that it is necessary for the court to answer propositions submitted for their opinion, in the very words of the propositions. It is enough, if the answers be sufficiently full to be understood; nor is it necessary where the same proposition is repeated, though in different words, for the court to answer every repetition of it; one full answer is sufficient; more than one would evidently be improper, having nothing valuable in it, unless the swelling of the record by a repetition of the same answers would be considered so. But the court did not so answer in this case; one answer only was given to all the foregoing points, though they materially differed from each other.

The *fifth* proposition was not so answered as to convey to the understanding of the jury a correct idea of the law. The answer of the court (in fact, the same that was given to all and each of the preceding points,) is, " that no act whatever, done to defraud a creditor, or creditors, shall be of any effect against such creditor or creditors." Clearly, this is not a sufficient answer to the points here submitted. In the abstract, it is true and correct, that no act whatever, if done to defraud creditors, can be of any effect against creditors. But the party was desirous the court should inform the jury explicitly, that if the conveyance from *Morgan Lewis* to his children, was for the purpose of preventing his creditors from levying on the premises, the plaintiff would be entitled to recover in this suit. Nothing was said by the court, in their answer, to lead the minds of the jury, directly to the consideration of the matter contained in the proposition; nor do the court, in their charge, instruct the jury, as I think they ought to have done, that if the conveyance was for the purpose of preventing the creditors of *Morgan Lewis* from levying on the premises, the plaintiff would be entitled to recover. As to this, the court remained silent, and did not instruct the jury. But to the *sixth* and last point, the court answer, " that *Morgan Lewis*, being indebted, on the 23d day of *March,* 1821, his deed to his children of that date is fraudulent and void, as to his creditor or creditors;" and had the court stopped here, the answer would have been full and correct; but the court went on and

(Geiger *v.* Welsh and others.)

added, "if the jury *believed* it was given without a good and valuable consideration;" and in this the court erred, for the deed would have been fraudulent and void as to creditors, if made to his children, even for a valuable consideration. Under certain circumstances, transactions, honest between parties themselves, often become fraudulent in relation to others. So, in this case, if the deed was given to the children, in consideration, or on condition of supporting the grantor for life, which would have been, as to them, a valuable consideration, and honest between the parties themselves, yet, if made with a view to hinder or defeat creditors, it would be fraudulent and void in relation to them. And so the jury should have been instructed; but the court told the jury, it was fraudulent and void as to his creditors, *if they believed* it was given without a good and valuable consideration, which evidently tended to mislead the jury; for they might infer from the direction, that if the consideration was a good and valuable one, the deed was not fraudulent as to creditors, and that a valuable consideration was all that was necessary to make a deed effectual under any circumstances. But so is not the law. I think the court should have instructed the jury, that the facts given in evidence, uncontradicted as they were, amounted to a fraud in law, which the court had the right to decide, and not the jury; here, however, the court referred the decision to the jury. In the opinion of this court, the plaintiff in error has sustained the errors he assigned in the record; and the judgment of the Court of Common Pleas is, therefore, to be reversed, and a *venire facias de novo* awarded.

Judgment reversed, and a *venire facias de novo* awarded.